GUSTAVE V. GENNERT, Doing Business, etc., Respondent, v. J. A. WALTON and Others, Appellants.

Supreme Court, Appellate Term, First Department, June 22, 1925.

**Payments — application — settlement agreement of actions on promissory notes provided for specific payment — one note was omitted from agreement — plaintiff had no right to apply on omitted note any payments made under agreement.**

An agreement settling several actions on promissory notes which provided that the defendant would make weekly payments thereon, having been duly executed, the plaintiff had no right to apply payments, made under the agreement, to a note which was omitted from the agreement.

APPEAL by defendants from a judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff for $304, after trial by the court without a jury.

*Sidney S. Bobbe,* for the appellants.

*Peasley, Brigham & Gennert [Alfred G. Gennert* of counsel], for the respondents.

PER CURIAM:

Plaintiff instituted this suit to recover on three promissory notes of $250 each. He also instituted three other suits to recover on additional promissory notes of the same series. He was the holder also of five additional promissory notes upon which suit had not been brought. After the institution of this suit the parties arrived at a settlement expressed in two letters. It was agreed that a general denial should be issued in the actions and that they should not be noticed for trial so long as the defendant paid $250 on September fifth and $75 a week thereafter until the notes were paid with interest. In accepting the offer, defendants' counsel listed the notes to which the agreement referred. Neither letter mentioned one of the five notes claimed to have been held by the plaintiff and not in suit, namely, the one payable December 15, 1922. Payments were made exactly in accordance with the agreement until a balance of but $52.10 remained unpaid. This sum was tendered and refused. Plaintiff then brought on this action for trial and claimed that he had a right to apply the payments which he had received to the $250 note, mention of which was omitted from the settlement agreement.

There was nothing to stop plaintiff from bringing suit on that $250 note. It was concededly not included in the settlement. He has resorted to the device, however, of arbitrarily applying the payments to this particular note, thus cutting defendants off from asserting any defense they might have to that note, and presses the defendants for judgment on the notes included in the settlement upon which defendants admit they were liable. The plaintiff had no right arbitrarily to apply these payments to the omitted note. They were payments made explicitly under a settlement agreement and must necessarily be applied to the notes covered by that settlement agreement.

Judgment modified by reducing it to the sum of fifty-two dollars and ten cents, with interest from December 18, 1924.

All concur; present, BIJUR, MULLAN and PROSKAUER, JJ.